William M. Fitzgerald, Esq.
LAW OFFICES OF WILLIAM M. FITZGERALD
2nd Fl. Macaranas Bldg., Garapan Beach Road
P.O. Box 500909
Saipan, MP 96950
Telephone: (670) 234-7241
Fax:       (670) 234-7530

Attorney for Plaintiffs

FILED
Clerk
District Court

FEB -7 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE
THE NORTHERN MARIANA ISLANDS

PATRICK JAMES TIMMERMAN individually, and as guardian *ad litem* for JOSHUA PATRICK AGCAOILI TIMMERMAN, a minor, and MARIA PURLEY AGCAOILI TIMMERMAN,

    Plaintiffs,

v.

TAGA AIR CHARTER SERVICES, INC., HONG KONG ENTERTAINMENT (OVERSEAS) INVESTMENT, LTD., TINIAN DYNASTY HOTEL, INC., and DOES 1-100, inclusive,

    Defendants.

CIVIL ACTION NO. 08-0007

**COMPLAINT AND
DEMAND FOR JURY TRIAL**

## JURISDICTION

1. This is an action for damages sustained by Patrick James Timmerman ("Patrick"), his wife Maria Purley Agcaoili Timmerman ("Maria"), and his son Joshua Patrick Agcaoili Timmerman ("Joshua"), as a result of the August 11, 2006 crash of a Piper Cherokee aircraft model PA-32-300, designated N4509T ("AIRCRAFT").

1

2. Plaintiffs, and each of them, allege an amount in controversy exceeding $75,000, exclusive of interest and costs. This court has jurisdiction of this matter based on complete diversity of citizenship pursuant to 28 U.S.C.A. §1332, all plaintiffs being citizens of North Carolina and all defendants citizens of the CNMI.

3. Venue is proper, pursuant to 28 U.S.C.A. §1391, because at least one of the defendants is incorporated and has its principal place of business within this district.

## PARTIES

4. Plaintiffs Patrick, Maria, and Joshua are citizens of North Carolina. Maria was, at the time of the crash, and is now Patrick's wife. Joshua is Patrick's natural born son.

5. At all times relevant hereto, defendant Taga Air Charter Services, Inc. ("Taga Air") was a corporation organized and existing under the laws of the Commonwealth of the Northern Mariana Islands with its principal place of business in the CNMI. At all relevant times, Taga Air also was a private air charter company engaged in the business of air transportation, and the registered owner and operator of the AIRCRAFT.

6. At all times relevant hereto defendant Tinian Dynasty Hotel, Inc. ("Dynasty Hotel") was a corporation organized and existing under the laws of the Commonwealth of the Northern Mariana Islands with its principal place of business in the CNMI.

7. At all times relevant hereto, defendant Hong Kong Entertainment (Overseas) Investment, Ltd. ("Hong Kong Entertainment") was a corporation organized and existing under the laws of the Commonwealth of the Northern Mariana Islands with its principal place of business in the CNMI.

8. Defendants Taga Air, Dynasty Hotel and Hong Kong Entertainment acted as each others' agents, within the course and scope of the agency, with respect to the conduct alleged in this complaint.

9. Plaintiffs are unaware of the true names and capacities of defendants sued herein as DOES 1-100, and therefore sue these defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and thereupon allege that each of these fictitiously named defendants is responsible in some manner for the occurrences and damages herein alleged, that plaintiffs'

injuries as herein alleged were proximately caused by the aforementioned defendants, and/or that each of these fictitiously named defendants is a necessary party to this action. Hereinafter, reference to "defendant", "defendants", or to any named defendant, shall be deemed to refer also to those defendants fictitiously named herein as DOES 1-100.

10. Plaintiffs are informed and believe and thereupon allege that each of the defendants was the agent and employee of each of the remaining defendants and, in doing the things hereinafter alleged, was acting within the course of such agency and employment.

11. Plaintiffs are informed and believe and thereupon allege that each of the defendants aided, abetted, ratified, authorized, incited, compelled, negligently supervised and/or coerced each act of each remaining defendant, and/or acted pursuant to a common plan with each remaining defendant.

12. There exists, and at all relevant times there existed, a unity of interest and ownership between these defendants such that any individuality and separateness between them ceased and they acted as the alter ego of each other. Adherence to the fiction of the separate existence of these defendants as distinct entities will permit an abuse of the corporate privilege, sanction fraud and promote injustice.

**FACTS**

13. On August 11, 2006, at approximately 2:15 a.m. Saipan Standard Time, Patrick was a passenger on the AIRCRAFT, when the AIRCRAFT piloted by an employee of Taga Air, Dynasty Hotel and or Hong Kong Entertainment attempted to take off from Runway 07 at Saipan International Airport in Saipan, CNMI bound for Tinian, CNMI. Visual meteorological conditions ("VMC") prevailed in the dark, nighttime conditions and a company visual flight rules flight plan had been filed for the flight. On take-off, the AIRCRAFT got airborne briefly, but shortly crashed to the ground one-quarter mile from the departure end of the runway, injuring all seven occupants including Patrick.

14. As a direct and proximate result of the conduct of all defendants, and each of them, as aforesaid, Plaintiffs suffered the severe and permanent injuries as hereinafter alleged.

15. At all times herein mentioned, it was reasonably foreseeable to all defendants, and each of them, that their negligent, reckless and unlawful breach of the aforementioned duties and

obligations presented an obvious risk to the occupants of the aforementioned AIRCRAFT, including Plaintiff Patrick, which would result in serious injury or death.

## CAUSE OF ACTION FOR NEGLIGENCE

16. Plaintiffs repeat and reallege each and every allegation of Paragraphs 1 though 15.

17. On August 11, 2006, defendants Taga Air, Dynasty Hotel and Hong Kong Entertainment agreed to provide air transportation to the occupants of the AIRCRAFT pursuant to United States Code of Federal Regulations ("CFR") Part 135 from Saipan, CNMI to Tinian, CNMI, promising professional and experienced personnel who would devote time and attention to insure safe passage for all the occupants, including Patrick.

18. Defendants Taga Air, Dynasty Hotel and Hong Kong Entertainment, and each of them, were the servicers, maintainers, repairers, owners and operators of the subject AIRCRAFT.

19. At all times material hereto defendants Taga Air, Dynasty Hotel and Hong Kong Entertainment, and each of them owed plaintiffs a duty to exercise reasonable care in the servicing, maintenance, repair, ownership and operation of the subject AIRCRAFT.

20. Said crash, injuries, and resulting damages were caused by defendants Taga Air, Dynasty Hotel and Hong Kong Entertainment including their officers, agents, employees and servants, by the breach of the aforementioned duties in that they negligently, wantonly, recklessly, tortiously, unlawfully and carelessly serviced, maintained, repaired, owned and operated the subject AIRCRAFT. These acts and omissions include, but are not limited to:

(a) Failing to warn, instruct, advise, educate and train persons using, maintaining, caring for, inspecting and/or operating the AIRCRAFT, regarding the significant dangers of the AIRCRAFT so as to cause and permit the AIRCRAFT to exist in a defective and unsafe condition for the foreseeable use and purpose for which it was intended.

(b) Failing to provide adequately trained operators of the AIRCRAFT.

(c) Failing to follow proper safety and emergency procedures on the AIRCRAFT.

(d) Failing to comply with applicable Federal Aviation Regulations, Circulars and/or Advisories.

21. Defendants' negligence, and each of them, was a proximate cause of Plaintiffs' injuries, which they suffered and will continue to suffer.

22. As a direct and proximate result of the conduct of the defendants described herein, Plaintiff Patrick has suffered damages, including *inter alia* past and future medical costs, past and future wage losses, and past and future economic opportunity losses, as well as pain and suffering.

## CAUSE OF ACTION FOR LOSS OF CONSORTIUM

## (MARIA)

23. Plaintiffs repeat and reallege each and every allegation of Paragraphs 1 though 22.

24. Maria is now and at all times relevant herein was Patrick's wife.

25. Due to Patrick's injuries, Patrick has not been able to perform his normal duties as husband and afford Maria the society afforded her before his injuries.

26. Because of Patrick's injuries, Maria has been deprived of his care, consideration, companionship, aid and society and the pleasure and assistance of Patrick.

27. This loss of consortium has caused and continues to cause Maria to suffer harm and damage.

## CAUSE OF ACTION FOR LOSS OF CONSORTIUM

## (JOSHUA)

28. Plaintiffs repeat and reallege each and every allegation of Paragraphs 1 through 27.

29. At all time relevant herein, Patrick was and is the natural father of Joshua.

30. On or about August 11, 2006, Joshua was less than one month old.

31. Due to Patrick's injuries, Patrick has not been able to perform his normal duties as father and provider and afford Joshua the society afforded him before Patrick's injuries.

32. Because of Patrick's injuries, Joshua has been deprived of his care, consideration, companionship, aid and society and the pleasure and assistance of Patrick.

33. This loss of consortium has caused and continues to cause Joshua to suffer harm and damage.

## PRAYER

WHEREFORE, plaintiffs pray for judgment against defendants as follows:

1. For general damages according to proof;

2. For exemplary and punitive damages according to proof; and

3. For such other and further relief as the court deems appropriate.

DATED this 7th day of February, 2008.

LAW OFFICE OF WILLIAM M. FITZGERALD

By: WILLIAM M. FITZGERALD, ESQ.
Attorney for Plaintiffs

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demands a trial by jury of six (6) on all issues.

DATED this 7th day of February, 2008.

                LAW OFFICE OF WILLIAM M. FITZGERALD

                By: WILLIAM M. FITZGERALD, ESQ.
                Attorney for Plaintiffs